

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-26-00043-CV

IN RE STAR 3 TRANSPORTATION, INC., STAR 3 BROKERAGE, LLC
AND RONALD BROWN

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Relators, Star 3 Transportation, Inc., Star 3 Brokerage, LLC,[1] and Ronald Brown, seek relief in this original proceeding from the trial court's order denying their motion to dismiss for forum non conveniens. We conditionally grant the petition.

## I.     Background

This appeal arises from a motor-vehicle accident that occurred on September 1, 2023, in Terrebonne Parish, Louisiana. The accident involved Brown and Real Party in Interest, Brittney Medice, individually and as next friend of her minor son. Brown, an employee of Star 3, was driving a tractor-trailer transporting hazardous materials when, according to Medice, "he made an illegal right turn from the left lane across the right lane of travel occupied by [Medice]" and "violently" struck her vehicle, causing severe injuries to Medice and her son. Medice alleged that she was "totally free from any fault whatsoever in causing or contributing to the crash."

Medice sued Relators[2] in Harrison County, Texas, where Star 3 maintains its principal place of business. Medice asserted causes of action for negligence, negligence per se, negligent entrustment and vicarious liability, and gross negligence. In her petition, Medice asserted that she and her minor son suffered multiple injuries in the collision and that Star 3 engaged in multiple negligent acts, each of which was a proximate cause of the accident and the resulting damages. Specifically, Medice pled that Star 3 trained and supervised Brown, and that Star 3 was vicariously liable through the doctrine of respondeat superior for Brown's negligence

---

[1]We refer to Star 3 Transportation and Star 3 Brokerage collectively as "Star 3."

[2]Medice also brought suit against several parties who are not parties to this appeal.

because he was acting in the course and scope of his employment with Star 3 at the time of the accident.

Relators filed a motion to dismiss the case for forum non conveniens. Medice filed a written response, and Relators filed a supplemental motion to dismiss for forum non conveniens. A hearing was held on August 26, 2025, and the trial court subsequently denied Relators' motion to dismiss by written order on August 28, 2025. Relators seek relief from that order denying their motion to dismiss.

## II.     Standard of Review

"[M]andamus relief is appropriate if the relator[s] establish[] a clear abuse of discretion for which there is no adequate appellate remedy." *In re Durnin*, 619 S.W.3d 250, 252 (Tex. 2021) (orig. proceeding). The burden is on the Relators to provide a sufficient record showing they are entitled to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Id.* at 839 (quoting *Johnson v. Fourth Ct. of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)).

Because there is no adequate remedy by appeal "when a motion to dismiss for forum non conveniens is erroneously denied," "mandamus relief is available" if the trial court clearly abused its discretion in denying the motion. *In re Gen. Elec. Co.*, 271 S.W.3d 681, 685 (Tex. 2008) (orig. proceeding) (citing *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 679 (Tex. 2007) (orig. proceeding)).

Texas recognizes two types of forum non conveniens analysis. Statutory forum non conveniens "applies to actions for personal injury or wrongful death."

3

TEX. CIV. PRAC & REM. CODE § 71.051(i). "Common-law forum non conveniens applies in all other types of actions." *In re Weatherford Int'l, LLC*, 688 S.W.3d 874, 879 (Tex. 2024) [per curiam] (orig. proceeding). We apply the statute to these claims for personal injuries. *See In re Mahindra USA, Inc.*, 549 S.W.3d 541, 544 (Tex. 2018) (orig. proceeding) (applying statutory forum non conveniens to action involving personal injury and wrongful death claims).

"The statute does not mandate that a movant prove each factor or that each factor must weigh in favor of dismissal to require a motion to be granted." *In re Gen. Elec.*, 271 S.W.3d at 687. However, a trial court clearly abuses its discretion in denying a motion to dismiss for forum non conveniens when all of the factors in Texas Civil Practice and Remedies Code section 71.051(b) "favor the conclusion that an action or claim would be more properly held in a forum outside Texas[.]" *In re Gen. Elec.*, 271 S.W.3d at 693–94. Section 71.051 "does not place the burden of proof on either party," and a trial court must instead "base its decision on the greater weight of the evidence." *In re ENSCO Offshore Int'l Co.*, 311 S.W.3d 921, 927 (Tex. 2010) (per curiam) (orig. proceeding).

*In re Poly Trucking, Inc.*, No. 05-25-01241-CV, 2026 WL 266743, at *2 (Tex. App.—Dallas Feb. 2, 2026, orig. proceeding) (mem. op.) (second alteration in original).

## III. Forum Non Conveniens

In determining whether to grant a motion to stay or dismiss an action under the doctrine of forum non conveniens, the court shall consider whether:

(1)     an alternate forum exists in which the claim or action may be tried;

(2)     the alternate forum provides an adequate remedy;

(3)     maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party;

(4)     the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;

(5)     the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum, which shall include consideration of the

4

extent to which an injury or death resulted from acts or omissions that occurred in this state; and

(6) the stay or dismissal would not result in unreasonable duplication or proliferation of litigation.

TEX. CIV. PRAC & REM. CODE ANN. § 71.051(b)(1)–(6) (Supp.). "The forum non conveniens statute mandates the stay or dismissal of a personal-injury or wrongful-death action when the court 'finds that in the interest of justice and for the convenience of the parties [the action] would be more properly heard in a forum outside this state[.]'" *In re Poly Trucking*, 2026 WL 266743, at *2 (alterations in original) (quoting TEX. CIV. PRAC & REM. CODE ANN. § 71.051(b)). "In short, the statute requires dismissal of a case that 'has no significant connection to the forum.'" *In re Bridgestone Ams. Tire Operations, LLC*, 459 S.W.3d 565, 575 (Tex. 2015) (orig. proceeding) (quoting *In re Pirelli Tire*, 247 S.W.3d at 675–76).

While "[t]he doctrine of forum non conveniens has always afforded great deference to the plaintiff's forum choice," *In re Pirelli Tire*, 247 S.W.3d at 675; *In re Mantle Oil & Gas, LLC*, 426 S.W.3d 182, 188 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding), the "doctrine generally affords substantially less deference to a nonresident's forum choice," *In re Pirelli Tire*, 247 S.W.3d at 675; *Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 33 (Tex. 2010) (per curiam) (quoting *In re Pirelli Tire*, 247 S.W.3d at 675) (If the plaintiff is not a Texas resident, the presumption that he "filed in Texas as a matter of convenience applies with less force and deserves 'substantially less deference' than it would if [the plaintiff] were a Texas resident."). Here, where Medice is a nonresident who has chosen Texas as her forum, the factors are balanced differently. *See In re Poly Trucking*, 2026 WL 266743, at *3 (citing *Team Indus.*

5

*Servs., Inc. v. Most*, 711 S.W.3d 31, 63 (Tex. App.—Houston [1st Dist.] 2024, no pet.) (citing *Quixtar Inc.*, 315 S.W.3d at 31–32)).

## IV.     Nature of the Claims

Because a determination of the underlying nature of the claims necessarily guides the analysis of the Section 71.051(b) factors, we first examine the nature of the claims. *See In re CEVA Ground US, LP.*, No. 01-19-00760-CV, 2020 WL 1429929, at *3 (Tex. App.—Houston [1st Dist.] Mar. 24, 2020, orig. proceeding) (mem. op.) ("A determination on this issue necessarily guides analysis of the Section 71.051(b) factors the trial court was required to consider in ruling on [relator's] motion to dismiss for forum non conveniens.").

Medice's petition asserts claims for negligence, negligence per se, negligent entrustment and vicarious liability, and gross negligence, centering on the accident she alleged was caused entirely by Brown. As to the vicarious liability and Star 3's negligence, Medice asserted in her reply to Relators' motion to dismiss, that her claims arise out of Star 3's "extensive and systematic transaction of business in the State of Texas" because Star 3's "negligent acts which caused [Medice's] injuries did not occur primarily at the location of the subject incident, but primarily in Texas, where [Star 3's] officers, agents, representatives and/or employees oversee and supervise the actions of its carriers and any equipment being operated on its behalf." Although the direct negligence claims against Star 3 relate to conduct allegedly occurring in Texas, the alleged damages sought against all of the defendants stem from the accident in Louisiana. "We conclude the record in this case demonstrates the nature of the claims are centered in [Louisiana] where the accident occurred and from where the subsequent damages

6

stem rather than actions taken at Relators' Texas facilities." *In re Poly Trucking*, 2026 WL 266743, at \*3 (footnote omitted) (citation omitted) (citing *In re Greyhound Lines, Inc.*, 718 S.W.3d 250, 257 (Tex. 2025) (per curiam) (orig. proceeding) ("in a case arising from a bus crash in Mexico, although contract and fraud claims against corporate bus operators were 'not entirely centered in Mexico,' the negligence claims and the damages sought from those claims and the direct negligence claims against the driver all 'stem from the accident that occurred' in Mexico"); *In re CEVA*, 2020 WL 1429929, at \*5 ("The crux of the case and the direct cause of the injury was a vehicle collision in Oklahoma. Any negligent training or supervision allegedly emanating from CEVA's office in Houston was, at most, a 'remote cause.'")).

## V.    Section 71.051 Factors

Having determined that the underlying suit is focused on the automobile accident in Louisiana, we now evaluate the Section 71.051(b) factors to determine whether the trial court erred in denying Relators' motion to dismiss on forum non conveniens grounds. "Although a plaintiff initially has the right to choose a forum, a plaintiff's choice of forum is given 'substantially less deference' whenever the plaintiff is—as here—a non-resident of Texas." *In re CEVA*, 2020 WL 1429929, at \*6 (citing *Quixtar*, 315 S.W.3d at 33; *In re Pirelli Tire*, 247 S.W.3d at 675; *In re Friede & Goldman, LLC*, No. 01-18-00409-CV, 2019 WL 2041071, at \*3 (Tex. App.—Houston [1st Dist.] May 9, 2019, orig. proceeding) (mem. op.); *In re Mantle*, 426 S.W.3d at 188). As discussed below, we conclude that the trial court erred because the factors heavily weigh in favor of dismissal.

## A. An Alternate Forum Exists in Louisiana

We must first discuss whether an alternative forum exists. TEX. CIV. PRAC. & REM. CODE ANN § 71.051(b)(1). An alternate forum is one in which the defendant is amenable to process. *In re Greyhound Lines*, 718 S.W.3d at 257. Relators contend that Louisiana is an alternate forum in which Medice's claims may be brought because all parties are amenable to service in Louisiana. We agree. Medice and her minor son are residents of Louisiana, and Relators admit they are amenable to jurisdiction and consent to jurisdiction in Louisiana.

> Moreover, as the Texas Supreme Court noted in *Greyhound Lines*, if the trial court is concerned that Relators will renege on their jurisdictional stipulation, that court can place additional conditions on the dismissal, such as conditioning dismissal on [Louisiana] accepting jurisdiction over Relators and on Relators agreeing to present their corporate representatives and other witnesses who are in their control to appear as witnesses in [Louisiana].

*In re Poly Trucking*, 2026 WL 266743, at *4 (citing *In re Greyhound Lines*, 718 S.W.3d at 257–58). We find this factor weighs in favor of dismissal.

## B. The Alternate Forum in Louisiana is Adequate

Second, we must determine if Louisiana provides an adequate remedy. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(b)(2). As to the second factor, the court in *In re CEVA*, which we find instructive, has explained:

> An alternate forum is inadequate if the remedies that it offers are so unsatisfactory that they really are no remedy at all. *In re ENSCO*, 311 S.W.3d at 924; *In re Gen. Elec.*, 271 S.W.3d at 688. Comparative analysis of procedures in different forums is generally not appropriate in a forum non conveniens analysis because comparison of the rights, remedies, and procedures available in each forum requires complex exercises in comparative law that the forum non conveniens doctrine is "designed to help courts avoid." *In re ENSCO*, 311 S.W.3d at 924–25 (quoting *In re Gen. Elec.*, 271 S.W.3d at 688). Thus, comparative analyses are relevant to the forum non conveniens decision "only if a potential transfer would

effectively result in no available remedy at all."  *Id.* at 925; *In re Gen. Elec.*, 271 S.W.3d at 688; *see also In re Pirelli Tire*, 247 S.W.3d at 678 ("That the substantive law of an alternative forum may be less favorable to the plaintiff is entitled to little, if any, weight.").

*In re CEVA*, 2020 WL 1429929, at *6.

Medice contends that, while Relators have expressly agreed to be amenable to process in Louisiana and decline to assert any limitations defenses, the other defendants have not. However, "[o]ne of the conditions that the trial court may permissibly impose is that, if the court dismisses the claims on forum non conveniens grounds, [Relators] must refrain from asserting any limitations defense when [Medice] file[s] suit in Louisiana."  *In re Mantle*, 426 S.W.3d at 191 (citing *Adams v. Baxter Healthcare Corp.*, 998 S.W.2d 349, 354 (Tex. App.—Austin 1999, no pet.) ("construing prior version of section 71.051"); *Banks v. N.Y. Life Ins. Co.*, 737 So.2d 1275, 1283 (La. 1999) ("classifying prescription as affirmative defense")).  Relators have expressly agreed that, as a condition of dismissal on forum non-conveniens grounds, if Medice's claims are time-barred under Louisiana law, they will not assert a prescription defense upon filing.

Medice does not assert that Louisiana law does not afford her a remedy for her claims, and it has been held that Louisiana law will provide her recovery for her injuries. *See In re Mantle*, 426 S.W.3d at 191–92. We therefore conclude that, under the facts of this case, limitations is not a basis for holding that Louisiana is not an adequate alternate forum.  The second factor weighs in favor of dismissal.

**C.      Maintaining the Action in Texas Would Cause Substantial Injustice to Relators**

Next, Section 71.051(b)(3) requires us to determine whether litigation in Texas would result in substantial injustice to the moving party. TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(b)(3). "When examining this factor, the trial court considers, among other things, the location of relevant documents and evidence and whether a majority of witnesses may be reached by compulsory process in Texas, which are also considerations under the fifth factor— the balance of private interest factors." *In re CEVA*, 2020 WL 1429929, at *6 (quoting *In re Mantle*, 426 S.W.3d at 192). "This factor 'is satisfied if the moving party would be unable to reach the great majority of witnesses by compulsory process in Texas.'" *In re Poly Trucking*, 2026 WL 266743, at *5 (quoting *Beaver v. Good Sportsman Mktg., LLC*, No. 05-22-00255-CV, 2023 WL 3070937, at *3 (Tex. App.—Dallas Apr. 25, 2023, no pet.) (mem. op.) (citing *In re ENSCO*, 311 S.W.3d at 925) (citing *In re BPZ Res., Inc.*, 359 S.W.3d 866, 875 (Tex. App.— Houston [14th Dist.] 2012, orig. proceeding) ("noting '[t]he lack of compulsory process in Texas for reaching the great majority of witnesses would be substantially unjust'" (alteration in original)))).

The facts before us present an accident that occurred in Louisiana, where Medice and her son both received medical treatment immediately following the incident. While Star 3 does not dispute that it is a Texas-based company, Relators assert that the majority of the witnesses, specifically those who investigated the crash, treated the parties after the crash, and control relevant documents related to the crash, are unable to be reached by compulsory process in Texas. *See* TEX. R. CIV. P. 176.3(a) ("A person may not be required by subpoena to appear or

produce documents or other things in a county that is more than 150 miles from where the person resides or is served."). "The Texas Supreme Court has previously held that 'the lack of compulsory process in Texas for reaching the great majority of witnesses would be substantially unjust.'" *In re Mantle*, 426 S.W.3d at 193 (quoting *In re ENSCO*, 311 S.W.3d at 925) (citing *In re Gen. Elec.*, 271 S.W.3d at 689 ("While some travel in this case will almost certainly occur regardless of the forum in which the case is ultimately litigated, that aspect does not override the fact that the evidence and witnesses relevant to the issue of Richards's asbestos exposure and his damages are outside the subpoena power of Texas courts.")). Relators are not required to identify specific witnesses or evidence that they are unable to obtain through the court's subpoena power. *In re Gen. Elec.*, 271 S.W.3d at 689–90. Relators, however, do point out that because the accident occurred in Louisiana, "significant portions of the documents, witnesses, and proof supporting [Medice's] claim are in Terrebonne Parish, Louisiana," specifically arguing that [Medice and her son] sought medical treatment in Louisiana after the accident and the accident was investigated by a Louisiana police department, meaning that critical documents, medical records, medical providers, and law enforcement personnel are located in Louisiana and cannot be compelled to testify in Texas.

We conclude that because "significant witnesses and documentary evidence are located in Louisiana and are beyond the compulsory subpoena power of the Texas trial court," this factor weighs in favor of dismissal. *In re Mantle*, 426 S.W.3d at 194.

11

**D. Louisiana Has Jurisdiction over Relators**

The fourth factor is whether the alternate forum may exercise jurisdiction over all the defendants. TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(b)(4). As discussed in our analysis of the first factor, Louisiana courts can exercise specific personal jurisdiction over Relators because the accident occurred there. "A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from . . . the following activities performed by the nonresident: . . . Causing injury or damage by an offense or quasi offense committed through an act or omission in this state." LA. STAT. ANN. § 13:3201(A)(3) (2025).

Medice does not dispute that Louisiana has jurisdiction over Relators. This fourth factor weighs in favor of dismissal.

**E. Balance of Private and Public Interests Favors Litigating in Louisiana**

The fifth factor we consider is whether the balance of private and public factors weighs in favor of the claim being heard in Louisiana. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(b)(5). We examine these private and public interest factors in turn below.

**1. Private-Interest Factors**

The private-interest factors to consider include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; (3) the possibility of viewing the premises, if viewing would be appropriate to the action; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Gen. Elec.*, 271 S.W.3d at 691. The private-interest factors substantially overlap with the analysis of the substantial-injustice factor that we discussed in relation to the third statutory factor and found favored dismissal here. *See, e.g.*, *In re Greyhound Lines*, 718 S.W.3d at 260 (reasoning alternate forum favored private interests "for the same reasons" as "the substantial-injustice factor"); *In re Weatherford Int'l*, 688 S.W.3d

12

> at 882 (looking to factor three regarding location of witnesses and documentary evidence in evaluating private interests).

*In re Poly Trucking*, 2026 WL 266743, at *7. Regarding the relative ease of access to sources of proof and the availability of compulsory process for attendance of unwilling witnesses, we have already noted that the majority of witnesses relevant to the accident are located outside of Texas subpoena power. Medice argues that she has a strong interest in proceeding in Texas "because the key liability witnesses and documentary records are all located" in Texas. However, Relators' corporate representatives, Relators' employees over whom Relators have control, and Relators' former employees with knowledge relevant to the case who reside in Texas are available in Louisiana, and Relators have agreed as much. But, as we have already discussed, relevant evidence related to the accident itself, any investigation into the accident, and medical treatment as a result of the accident are primarily, if not entirely, located in Louisiana, and are not subject to subpoena, making it impossible for Relators to have access to such evidence should the trial remain in Texas. As to whether the scene is viewable, Relators discuss that, if necessary, this could only be performed in Louisiana. While this is true, it is unlikely that it will be necessary.

Taken all together, the private interest factors weigh in favor of dismissal.

### 2. Public-Interest Factors

> The public-interest factors include (1) administrative difficulties related to court congestion; (2) burdening the people of a community with jury duty when they have no relation to the litigation; (3) the local interest in having localized controversies decided at home; and (4) trying a case in the forum that is at home with the governing law.

*In re Poly Trucking*, 2026 WL 266743, at *9 (citing *In re Gen. Elec.*, 271 S.W.3d at 691).

13

The first public-interest factor relates to the congestion of the potential courts—Texas or Louisiana. The record does not include any evidence showing whether either court is more burdened than the other, which renders this factor neutral.

As to the second factor regarding the imposition of jury duty on Texas residents, the burden is high. The injured parties, Medice and her son, are Louisiana residents. The jury would have a relationship with the one who has been injured. *See id.* (citing *In re Pirelli Tire*, 247 S.W.3d at 679 ("recognizing that 'it is unfair to impose upon the citizens of Cameron County the cost and administrative burden of a complex products-liability suit with no significant connection to Texas'")). This weighs in favor of dismissal.

Third, Louisiana has a strong local interest in resolving the underlying controversy in Louisiana because it involved Louisiana residents being injured on a Louisiana roadway. *See id.* (citing *In re XTO Energy, Inc.*, No. 01-17-00652-CV, 2018 WL 2246216, at *6 (Tex. App.—Houston [1st Dist.] May 17, 2018, orig. proceeding) (mem. op.) ("noting that Texas courts have 'little interest in protecting the compensation rights of a [non-]resident'" (alteration in original) (citation omitted))). This also weighs in favor of dismissal.

Lastly, as to the fourth public-interest factor, the court in *In re CEVA* explained:

*Governing law.* Which state's law governs an issue is a question of law for the court to decide. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000). In deciding choice-of-law issues, Texas courts use the "most significant relationship" test from the Restatement. *Id.*; *Schippers v. Mazak Properties, Inc.*, 350 S.W.3d 294, 300 (Tex. App.—San Antonio 20[1]1, pet. denied). In a tort case, where the injury and tortious behavior occurred, the domicile of the parties, and the place where the relationship between the parties is centered are all relevant factors to consider. *Torrington Co.*, 46 S.W.3d at 848 (citing RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145(2) (1971)). In such instances, the Restatement's "most significant relationship test" includes a

14

presumption in favor of applying the law of the place of the injury. *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§ 145, 146; *see also Enter. Products Partners, L.P. v. Mitchell*, 340 S.W.3d 476, 480 (Tex. App.—Houston [1st Dist.] 2011, writ dism'd).

*In re CEVA*, 2020 WL 1429929, at *9. Here, we do not have any authorities concerning conflicts of law and the impact of any conflicts on this analysis. "But even assuming Texas law applies to the claims against Relators, [Louisiana] law will govern most of the claims in this case because the accident occurred in [Louisiana]." *In re Poly Trucking*, 2026 WL 266743, at *9 (citing *In re Greyhound Lines*, 718 S.W.3d at 260).

We conclude that, under this record, the public-interest factors favor dismissal.

### 3.  Conclusion Regarding Private and Public Interests

Under the specific facts of this matter, we conclude that each of the private- and public-interest factors favors dismissal. "To the extent any factors are neutral or favor the Texas forum, on balance the greater weight of the evidence related to these factors favor proceeding in" Louisiana. *Id.* at *10 (citing *Liberty Mut. Ins. Co. v. Transit Mix Concrete & Materials Co.*, No. 06-12-00117-CV, 2013 WL 3329026, at *11 (Tex. App.—Texarkana June 28, 2013, pet. denied) (mem. op.) ("trial court did not abuse its discretion by concluding Arkansas interests predominated where first three public-interest factors 'weigh neither for nor against dismissal' and '[t]he private interest considerations weigh slightly in favor of dismissal." (alteration in original))). The trial court, therefore, abused its discretion in holding otherwise.

### F.  Dismissal Would Not Result in Unreasonable Duplication of Litigation

The final factor we consider is whether the dismissal would result in unreasonable duplication or proliferation of litigation. TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(b)(6).

15

"The sixth factor favors dismissal because nothing suggests that dismissal will result in an unreasonable duplication or proliferation of litigation," nor has Medice argued that it will. *In re Poly Trucking*, 2026 WL 266743, at *10 (citing *In re Greyhound Lines*, 718 S.W.3d at 261 ("rejecting argument that dismissal should be denied because they had litigated the case in Texas for several years and it was almost ready for trial where real party in interest had not demonstrated why those litigation efforts could not be fully used in the subsequent trial")).

## VI.     Summary

"When all [S]ection 71.051(b) factors in a case favor the conclusion that an action would be more properly held in a forum outside Texas, as they do here, the statute requires the trial court to grant motions requesting that it decline to exercise its jurisdiction." *Id.* (citing *In re Gen. Elec.*, 271 S.W.3d at 693–94).  A thorough analysis "of the statutory factors in conjunction with the record evidence establishes that Texas is an inconvenient forum for suit and, in fact, none of the factors suggest otherwise." *Id.*  Louisiana "is an alternate forum because it is both available and adequate, and the trial court erred by concluding otherwise." *Id.*  "We further hold that the trial court [erred] by finding that the statutory factors favored keeping the case in Texas." *Id.*

## VII.    Conclusion

For the foregoing reasons, we conditionally grant the petition for a writ of mandamus and direct the trial court to (1) vacate its August 28, 2025, order denying Relators' motion to dismiss for forum non conveniens, and (2) issue an order granting the motion to dismiss and dismissing Medice's claims against Relators.  The trial court may set additional terms and conditions on that dismissal consistent with this opinion "as the interests of justice may require, giving due regard

16

to the rights of the parties to the claim or action." TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(c) (Supp.). Such conditions may include, as previously mentioned, the Louisiana "court accepting jurisdiction and Relators and those in their control appearing as witnesses in that forum." *In re Poly Trucking*, 2026 WL 266743, at *11 (citing *In re Greyhound Lines*, 718 S.W.3d at 257–58). We are confident that the trial court will promptly comply, and our writ will issue only if it does not.

Charles van Cleef
Justice

Date Submitted:    June 23, 2026
Date Decided:    June 24, 2026

17